IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH P. GORSHA, *et al.*, | |
| Plaintiffs, | Case No. 2:18-cv-508 |
| v. | Judge Graham |
| BERNARD E. CLARK, *et al.*, | Magistrate Judge Jolson |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Defendants Jonathan C. Clark and Clark & Clark and Associates, LLC's ("Defendants Clark & Clark") Motion for Judgment on the Pleadings. (ECF No. 32). Defendants Clark & Clark move this Court pursuant to Fed. R. Civ. P. 12(c) for an Order granting Judgment on the Pleadings and dismissing Count Six of Plaintiffs' Complaint asserting legal negligence against them. (Compl. ¶¶ 60–66, ECF No. 1 at 11–12). For the reasons that follow, Defendants Clark & Clark's motion is **DENIED**.

**I. Background**

Plaintiffs Joseph D. Gorsha, Nancy Gorsha, Damon J. Faldowski, Dianne M. Faldowski, Damon J. Faldowski, II, and Mark R. Faldowski (collectively "Plaintiffs") jointly owned real property in Belmont County, Ohio consisting of 37.525 acres located on Sandy Ridge Road, Barnesville, Ohio, bearing parcel number 45.00151.000 (the "Property"). (*Id.* at ¶ 1, 2). In May 2013, Plaintiffs and Defendants Bernard and Alice Clark (the "Buyers") entered into a contract for the sale, of the surface rights only, of the Property (the "Real Estate Purchase Contract"). (*Id.* at ¶ 2, 2). The Real Estate Purchase Contract specifically stated, "Seller is [r]eserving mineral [r]ights." (*Id.* at ¶ 2, 2; Ex. 1, ECF No. 1-2 at ¶ 8). Prior to the sale of the surface rights to the Property to the Buyers, Plaintiffs entered into an Oil & Gas Lease with Rice Drilling D, LLC

1

("Rice Drilling") (*Id.*, Ex. 2, ECF No. 1-3) for the Property. (*Id.* at ¶ 3, 3). At the time Plaintiffs sold the surface rights to the Buyers, Rice Drilling had not commenced production or any payment of royalties. (*Id.* at ¶ 4, 3).

Plaintiffs' real estate agent, Brian Bauer, retained Mid Ohio Title Agency, LLC doing business as Lanco Title Agency ("Lanco"), on Plaintiffs' behalf. (Pls.' Mem. Opp. Defs.' Clark & Clark Mot. J. Pleadings 2, ECF No. 42 at 226). Lanco served as the escrow agent for the sale of the Property. (Compl. ¶ 14, ECF No. 1 at 5). Lanco is owned by attorney Jonathan C. Clark. (*Id.*).

Mr. Clark prepared the warranty deed (the "Deed") for the Plaintiffs' signatures. (*Id.,* Ex. 4, ECF No. 1-5 at 34). The Deed did not provide for the reservation of mineral rights as agreed to by the parties to the Real Estate Purchase Contract. (*Id.* at ¶ 30, 7). The Plaintiffs signed the Deed on September 4, 2013. (*Id.*, Ex. 4, ECF No. 1-5). Lanco recorded the Deed with the Belmont County Recorder on October 4, 2013. (Answer ¶ 6, ECF No. 16 at 73).

Plaintiffs did not discover Mr. Clark's error until February 4, 2018 when they inquired with Mr. Bauer about the upcoming expiration of the Oil & Gas Lease. (Compl. ¶ 32; ECF No. 1 at 7). After checking the Ohio Department of Natural Resources' records, Mr. Bauer informed the Plaintiffs that the Property's 37.525 acres were in drilling units and had been drilled by Rice Drilling's subsequent purchaser, Gulfport Energy Corp. ("Gulfport Energy"), during the third quarter of 2016. (*Id.*). The Plaintiffs further discovered that Gulfport Energy paid the corresponding mineral production royalties to the Buyers. (*Id.* at ¶ 31, 7).

On May 22, 2018, Plaintiffs commenced this action against the Buyers, Lanco, and Clark & Clark alleging seven causes of action. (*Id.*). In their sixth cause of action for legal negligence,[1]

---

[1] Though Plaintiffs' complaint asserts a legal negligence claim, the Court will construe this claim as a legal malpractice claim since the Plaintiffs claim they suffered damages through Defendants Clark & Clark's negligent action while providing legal services.

Plaintiffs allege that Mr. Clark provided legal services to them and was directly paid for those services out of the escrow funds created by Lanco for the sale of the Property. (*Id.* at ¶ 61, 12). Plaintiffs further allege that Mr. Clark owed them a duty of care commensurate with that provided by other Ohio attorneys, he breached that duty by failing to reserve the mineral rights in the Property to the Plaintiffs when he prepared the Deed, and that failure harmed the Plaintiffs when the mineral production royalties were paid to the Buyers instead. (*Id.* at ¶¶ 62–65, 12).

## II. Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard applied to motions for judgment on the pleadings is the same standard applicable to motions to dismiss under Rule 12(b)(6). *See Hindel v. Husted,* 875 F.3d 344, 346 (6th Cir. 2017). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). But legal conclusions or unwarranted factual inferences are not accepted as true. *Id.* at 581–82 (citing *Mixon v. Ohio,* 193 F.3d 389, 400 (6th Cir. 1999)). When considering a motion for judgment on the pleadings, a court reviews not only the complaint, but "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Barany–Snyder v. Weiner,* 539 F.3d 327, 332 (6th Cir. 2008).

To withstand a motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007). "The

3

factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Township of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

## III. Discussion

Defendants Clark & Clark seek judgment in their favor on Plaintiffs' claim of legal negligence and advance two primary arguments as to why they believe they are entitled to judgment on the pleadings regarding this claim. First, Defendants Clark & Clark insist no attorney-client relationship existed between the parties. (ECF No. 32 at 158). They next aver that even if such a relationship had existed, Plaintiffs' malpractice claimed is barred by the one-year statute of limitations under Ohio Rev. Code § 2305.11(A). (*Id.*).

### A. Attorney-Client Relationship

To establish a legal malpractice claim in Ohio,[2] a plaintiff must show that: (1) the attorney owed a duty or obligation to the plaintiff, (2) there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) there is a causal connection between the conduct complained of and the resulting damage or loss. *Vahila v. Hall,* 77 Ohio St. 3d 421, 421–22, 674 N.E.2d 1164, 1167 (1997). Defendants Clark & Clark argue that absent an attorney-client relationship no corresponding duty or obligation can exist. (ECF No. 32 at 162). Defendants Clark & Clark contend that, "[A]n attorney-client relationship exists when an attorney advises others as to their legal rights, a method to be pursued, the forum to be selected, and the

---

[2] This is a diversity action, and the Plaintiffs' legal negligence claim is brought under Ohio law for alleged malpractice by an Ohio firm and an Ohio attorney.

4

practice to be followed for the enforcement of their rights." (*Id.*) (quoting *Toliver v. Duwel,* 2012-Ohio-846, ¶ 55 (Ct. App.)). They emphasize to the Court that the ultimate concern is "whether the putative client reasonably believed that the relationship existed and that the attorney would therefore advance the interests of the putative client." *Id.* (quoting *Davis v. Montenery,* 173 Ohio App. 3d 740, 746, 880 N.E.2d 488, 492 (2007)).

Plaintiffs point out that Defendants Clark & Clark have the same address as Lanco, and that Mr. Clark serves as an agent to both the title agency and his firm. (ECF No. 42 at 229). They further stress that Lanco advertises that it is owned by attorney Jonathan C. Clark. (*Id.*). Plaintiffs claim that this public representation led them to believe that by engaging the services of Lanco, they were also engaging the legal services of Defendants Clark & Clark. (*Id.*).

Plaintiffs further claim they expected the Deed to be prepared by an attorney and not Lanco, as preparation of a deed falls within the practice of law in Ohio. (ECF No. 42 at 234). To support this contention, Plaintiffs highlight the Supreme Court of Ohio's decision in *Disciplinary Counsel v. Jones* where the court declared, "'The practice of law embraces the preparation of legal documents on another's behalf, including deeds which convey real property.' The preparation of deeds for another constitutes the practice of law." 138 Ohio St. 3d 330, 331–32, 6 N.E.3d 1159, 1160–61 (2014) (quoting *Disciplinary Counsel v. Doan*, 77 Ohio St. 3d 236, 237, 673 N.E.2d 1272 (1997). Plaintiffs further aver that to avoid engaging in the unauthorized practice of law, Lanco had to retain an attorney on their behalf to prepare the Deed. (ECF No. 42 at 234–35). Plaintiffs point to the portion of the Deed bearing Defendant Clark & Clark's names next to "This instrument prepared by:" as confirmation of this belief. (*Id.* at 229; ECF No. 1-5 at 34). Plaintiffs emphasize that despite the Settlement Statement (HUD-1) notation of their document preparation payment to "Lanco Title Agency" (Answer, Ex. A, ¶ 1113, ECF No. 16 at 85), Lanco could not keep such a

fee for a document it could not legally prepare and was instead obligated to give that payment to Defendants Clark & Clark as the actual preparers of the Deed. (ECF No. 42 at 235). Plaintiffs insist that as the owner and agent of the title agency, Mr. Clark served multiple roles during the real estate transaction, and that they contracted with Defendants Clark & Clark for the preparation of the Deed and not with Lanco. (*Id.* at 234).

Defendants Clark & Clark maintain that Mr. Clark only served as an agent of the title agency and did not serve as the Plaintiffs' attorney. (ECF No. 45 at 254). While Defendants Clark & Clark acknowledge Mr. Clark's dual role as both the owner and agent of the title agency, they contend that Defendants Clark & Clark did not charge the Plaintiffs for the preparation of the Deed (ECF No. 32 at 160), and that Mr. Clark's wearing of "multiple hats" is immaterial to the Plaintiffs' malpractice claim. (ECF No. 45 at 254).

Ohio case law is helpful in distinguishing between the roles of escrow agent and attorney during a transaction. "Ordinarily, the positions of escrow agent and attorney . . . are separate, distinct, and mutually exclusive." *Folino v. Brown,* No. 15619, 1996 Ohio App. LEXIS 3132, at *6 (Ct. App. July 12, 1996) (citing *Saad v. Rodriguez,* 30 Ohio App. 3d 156, 506 N.E.2d 1230 (1986). The primary function of an escrow agent is to "hold documents and funds until the conditions of the purchase agreement are met whereupon the escrow agent releases the documents and funds." *Saad,* 506 N.E.2d at 1233 (citing *Pippin* v. *Kern-Ward Bldg. Co.,* 8 Ohio App. 3d 196, 456 N.E. 2d 1235 (1982); *Squire* v. *Branciforti,*131 Ohio St. 344, 2 N.E.2d 878 (1936); *Gove v. Jablonski*, No. 48411, 1985 Ohio App. LEXIS 5743 (Ct. App. Feb. 7, 1985)). The escrow agent thus serves as a fiduciary agent for both parties to an agreement. *Id.* The attorney, on the other hand, represents only one party to the agreement and serves as a fiduciary agent to his or her client

based on the attorney-client relationship. *Id.* at 1233–34. The roles of escrow agent and attorney are therefore "distinct and mutually exclusive." *Id.* at 1233.

Despite the "distinct and mutually exclusive" roles of the escrow agent and attorney to a transaction, the *Saad* court acknowledged the possibility that an attorney and his or her firm may act in a dual capacity as attorneys for one of the parties and as escrow agent for both parties. *Id.* Here, Defendants Clark & Clark argue that Lanco was retained for the benefit of both the Plaintiffs and the Buyers. (ECF No. 45 at 254). Moreover, Defendants Clark & Clark claim they prepared the Deed on behalf of Lanco, and that Lanco is not in privity with the Plaintiffs. (*Id.*). They further insist that they never acted as the Plaintiffs' attorney, as they never advised the Plaintiffs as to their legal rights, and the Plaintiffs have failed to indicate that Defendants Clark & Clark ever engaged in any communication with them. (ECF No. 32 at 163).

Plaintiffs assert that an attorney-client relationship can be implied from the conduct of the attorney and the expectations of the client. (ECF No. 42 at 236) (citing *Davis v. Montenery*, 173 Ohio App. 3d 740, 746, 880 N.E.2d 488, 492 (2007). Like the plaintiff in *Davis,* the Plaintiffs in the case at issue contend that although they may not have contacted Defendants Clark & Clark directly to represent them, they expected Mr. Clark to prepare the Deed, and Mr. Clark's conduct in preparing the Deed conformed to their client expectations. (ECF No. 42 at 236).

The Plaintiffs also rely on a Florida decision to analogize to the present case. In *JBJ Inv. of S. Fla., Inc. v. S. Title Grp., Inc.,* the Florida court determined that, "The consultation requirement [is] met when an agent of the client consults with an attorney on the client's behalf." 251 So. 3d 173, 178 (Fla. Dist. Ct. App. 2018). In the Florida case, the plaintiff wanted an attorney to prepare loan documents. *Id.* at 179. His title agent contacted an attorney on his behalf and hired that attorney to prepare a note and mortgage for a fee. *Id.* Under these facts, the Florida court

7

found that since the attorney was hired by the plaintiff's title agent, rendered legal services, and billed for those services, a reasonable jury could find that an attorney-client relationship existed between the plaintiff and the attorney by virtue of the title agent consulting with the attorney in her capacity as the plaintiff's agent and referring to that attorney the work of preparing the loan documents. *Id.* Here, the Plaintiffs argue that the consultation requirement was met when Lanco acted as their agent by arranging for Defendants Clark & Clark to provide legal services by preparing the Deed, Defendants Clark & Clark prepared the Deed, and the Plaintiffs paid a document preparation fee that ultimately went to Clark & Clark. (ECF No. 42 at 237).

Though the extent of the relationship between Defendants Clark & Clark and the Plaintiffs remains unclear, the Court finds that the Plaintiffs have pleaded sufficient facts to support a plausible legal malpractice claim against Defendants Clark & Clark. Plaintiffs' complaint contains both direct and inferential allegations respecting the material elements of a legal malpractice claim under Ohio law. (Compl. ¶¶ 60–66, ECF No. 1 at 11–12). Plaintiffs allege Defendants Clark & Clark owed them a duty of care, subsequently breached that duty when Mr. Clark failed to reserve Plaintiffs' mineral rights in the Deed, and that a causal connection exists between the conduct complained of and the resulting damage or loss. (*Id.*). Plaintiffs' allegations allow the Court to draw the reasonable inference that Defendants Clark & Clark may be liable for the misconduct alleged. Therefore, Defendants Clark & Clark are not clearly entitled to judgment as a matter of law on Plaintiffs' legal malpractice claim.

**B. Statute of Limitations**

Defendants Clark & Clark further urge the Court to consider that even if an attorney-client relationship existed, Plaintiffs have run afoul of the statute of limitations for a legal malpractice claim, and their claim must be dismissed. (ECF No. 32 at 164, 166). Under Ohio Rev. Code §

2305.11(A), the statute of limitations for a legal malpractice claim is one year. Defendants Clark & Clark argue that the Plaintiffs' cause of action accrued on September 4, 2013 when the Deed was executed and expired a year later on September 4, 2014. (ECF No. 32 at 164). Thus, they argue, Plaintiffs' legal malpractice claim is time-barred. (*Id.*).

In Ohio, a cause of action for legal malpractice "accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act, and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Werts v. Penn,* 164 Ohio App. 3d 505, 508, 842 N.E.2d 1102, 1105 (2005). "A 'cognizable event' is an event that places a reasonable person on notice that a 'questionable legal practice may have occurred,'" which may necessitate legal action against the attorney. *Id.* at 510, 1106.

Plaintiffs claim that when they signed the Deed on September 4, 2013, they had no reason to believe that a questionable legal practice may have occurred. (ECF No. 42 at 240). Plaintiffs further assert that they could not have reasonably discovered their injury until they were notified by their realtor that the Deed did not reserve their mineral rights as specified in the Real Estate Purchase Contract. (*Id.*). Plaintiffs highlight the Supreme Court of Ohio's decision in *Zimmie v. Calfee, Halter & Griswold* to support their contention, where the court found that the cognizable event in that case did not occur on the date the deficient document was signed, but instead occurred on the date the document was declared invalid. (*Id.* at 240–41 citing *Zimmie,* 43 Ohio St. 3d 54, 58, 538 N.E.2d 398, 402 (1989)). Only then, the Plaintiffs explain, did the Supreme Court of Ohio determine that the plaintiff was put on notice to pursue possible remedies against the drafters of the agreement. (*Id.* at 241).

9

Plaintiffs argue that these circumstances are also present in this case. (*Id.*). Plaintiffs allege that they were not put on notice of a need to pursue possible remedies against Defendants Clark & Clark until they learned that the Deed failed to reserve their mineral rights. (*Id.*). They therefore maintain that their legal malpractice action did not accrue until February 4, 2018, and that by filing this action on May 22, 2018, they adhered to the one-year statute of limitations set forth in Ohio Rev. Code § 2305.11(A). (*Id.* at 226).

While the date on which the Plaintiffs should have discovered Mr. Clark's error remains at issue, the Court finds that the Plaintiffs have pleaded sufficient facts supporting their contention that under the discovery rule, their legal malpractice claim is not time-barred. As such, their claim will not be dismissed on Defendants Clark & Clark's Motion for Judgment on the Pleadings.

## IV. Conclusion

A motion for judgment on the pleadings may be granted only if the moving party is clearly entitled to judgment as a matter of law. Here, Defendants Clark & Clark are not clearly entitled to judgment on Plaintiffs' legal malpractice claim. Plaintiffs have pleaded sufficient factual matter to not only render their claim possible, but to also support their contention that their claim was timely filed. Accordingly, Defendants Clark & Clark's Motion for Judgment on the Pleadings as to Count Six of Plaintiffs' Complaint (ECF No. 32) is **DENIED**.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: March 7, 2019