IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH P. GORSHA, *et al.*, | Case No. 2:18-cv-508 |
| Plaintiffs, | |
| v. | Judge Graham |
| BERNARD E. CLARK, *et al.*, | Magistrate Judge Jolson |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court for consideration of cross motions for summary judgment. Defendants Jonathan C. Clark and Clark & Clark and Associates, LLC (collectively, "Defendants Clark & Clark") and Plaintiffs Joseph D. Gorsha, Nancy Gorsha, Damon J. Faldowski, Dianne M. Faldowski, Damon J. Faldowski, II, and Mark R. Faldowski (collectively "Plaintiffs") simultaneously move this Court for summary judgment on Plaintiffs' legal malpractice claim.[1] (Defs.' Mot. Summ. J., ECF No. 107; Pls.' Mot. Summ. J., ECF No. 109.) For the reasons that follow, Defendants Clark & Clark's motion (ECF No. 107) is **DENIED in its entirety**, and Plaintiffs' motion (ECF No. 109), as it pertains to their legal malpractice claim against Defendants Clark & Clark, is also **DENIED**.

### I. BACKGROUND

#### A. Factual Background

Plaintiffs all reside outside of Ohio, but jointly owned real property in Belmont County, Ohio consisting of 37.525 Acres located at 0 Sandy Ridge Road, Barnesville, Ohio, bearing parcel

---

[1] Though Plaintiffs' complaint asserts a legal negligence claim, the Court construes this claim as a legal malpractice claim since the Plaintiffs claim they suffered damages through Defendants Clark & Clark's negligent action while providing legal services.

1

number 45.00151.000 (the "Property"). (Compl. ¶¶ 1, 8–11, ECF No. 1 at 2, 4.) On March 8, 2013, Plaintiffs executed an oil and gas lease for the Property with Rice Drilling D, LLC ("Rice Drilling"). (*Id.* at ¶ 18; Ex. 2.) On May 15, 2013, Plaintiffs and Defendants Bernard and Alice Clark entered into a contract for the sale, of the surface rights only, of the Property (the "Real Estate Purchase Contract"). (*Id.* at ¶ 2; Ex. 1.) Title to the Property was ultimately issued in the name of Bernard and Alice Clark, along with their son, Scott Clark (collectively, "the Clark Family").[2] (*Id*. at ¶ 12.)

Plaintiffs' real estate agent, Brian Bauer, recommended Mid Ohio Title Agency, LLC, an Ohio limited liability company, d/b/a Lanco Title Agency ("Lanco") serve as the escrow agent and title company for the sale of the Property. (*Id.* at ¶¶ 14, 26; Bauer Dep. 19, ECF No. 105 at 1196.) On May 24, 2013, Mr. Bauer sent Lanco a copy of the Real Estate Purchase Contract, which stated, "Seller is [r]eserving mineral [r]ights." (Ex. F, ECF No. 78-1 at 377.) On May 30, 2013, Lanco's title report noted the existing oil and gas lease between Plaintiffs and Rice Drilling and contained the corresponding memorandum of oil and gas lease filed with the Belmont County Recorder's Office on April 17, 2013. (J. Clark Dep. 21:1–18, ECF No. 103 at 1175; Ex. 31, ECF No. 102-1 at 1096.) Several emails between Mr. Bauer and Lanco reiterated that Plaintiffs were not selling the mineral rights. (Bauer Dep. 14–15, 20–21, ECF No. 105 at 1195–96; Exs. A and B, ECF No. 78-1 at 369–70.)

Lanco is ninety-nine percent owned by attorney Jonathan C. Clark. (Stipulations ¶ 9, ECF No. 78-1 at 365.) A part of Lanco's business is requesting that Defendants Clark & Clark prepare deeds for the sellers of real estate to sign. (*Id.* at ¶ 1, ECF No. 78-1 at 364.) At Lanco's request, Mr. Jonathan Clark prepared the warranty deed (the "Deed") for the Property. (Answer ¶ 62, ECF

---

[2] Defendants Clark & Clark note that there is no familial relationship between Jonathan Clark and the Clark Family. (ECF No. 116 at 1583, n.2.)

No. 16 at 78.) Plaintiffs paid Lanco a $60.00 document preparation fee (ECF No. 111-1 at 1455), which represented the Deed preparation charge. (J. Clark Dep. 30:6–11, ECF No. 103 at 1178). Plaintiffs signed the Deed on September 4, 2013. (Compl. at Ex. 4, ECF No. 1-5.) Mr. Jonathan Clark recorded the Deed with the Belmont County Recorder's Office on October 4, 2013. (*Id.*)

The Deed failed to provide for the reservation of the mineral rights. (Compl. at ¶ 30.) Rather, the Deed conveyed all right, title and interest in the Property to the Clark Family. (Compl. at Ex. 4, ECF No. 1-5.) In 2015, oil and gas landman,[3] Randy Ketcham, approached the Clark Family about leasing the mineral rights to the Property. (Ketcham Aff. ¶ 5, ECF No. 121-1 at 1693.) With Mr. Ketcham's assistance, the Clark Family executed the documentation to lease the mineral rights. (*Id.* at ¶ 10; B. Clark Dep. 34–35, ECF No. 94 at 510–11.)

Gulfport Energy later drilled the Property and paid the corresponding mineral production royalties to the Clark Family. (Compl. at ¶¶ 12, 31; ECF No. 109-1 at 1139.) Plaintiffs did not learn that drilling had taken place on the Property until February 4, 2018, when they consulted Mr. Bauer prior to the expiration of the Rice Drilling oil and gas lease on the Property. (*Id.* at ¶ 32; Ex. 2.) This action soon followed.

**B. Procedural Background**

On May 22, 2018, Plaintiffs commenced this action. Their sixth cause of action is against attorney Jonathan C. Clark and his law firm, Clark & Clark and Associates for legal negligence, which the Court construes as a legal malpractice claim. Plaintiffs allege that Mr. Jonathan Clark committed negligence by failing to prepare a deed reserving the mineral rights to Plaintiffs, as set forth in the Real Estate Purchase Contract. (Compl. ¶¶ 62, 65.)

---

[3] As an independent contractor oil and gas landman, Mr. Ketcham contacts landowners concerning oil and gas lease negotiations and works with mineral company attorneys to prepare and complete legal documentation for mineral rights leasing. (Ketcham Aff. ¶ 4, ECF No. 121-1 at 1692.)

On March 7, 2019, the Court denied Defendants Clark & Clark's Motion for Judgment on the Pleadings on Plaintiffs' legal malpractice claim, but reserved judgment as to whether an attorney-client relationship existed. (ECF No. 82 at 400.) The Court also reserved judgment concerning the date on which the Plaintiffs should have discovered Mr. Jonathan Clark's error. (*Id.* at 402.) On May 24, 2019, the parties filed their cross motions for summary judgment on Plaintiffs' legal malpractice claim. (ECF Nos. 107 and 109.) Each side has filed their respective responses in opposition and reply briefs. The matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Both parties have moved for summary judgment under Federal Rule of Civil Procedure 56. Under Rule 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Longaberger Co. v. Kolt,* 586 F.3d 459, 465 (6th Cir. 2009). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

The movant's burden is to demonstrate "the absence of a genuine issue of material fact as to at least one essential element on each of the [non-movant's] claims." *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 322). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Conversely, material facts in genuine dispute that "may reasonably be resolved in favor of either party" require denial of summary judgment in order to be

4

properly resolved by a jury. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). When ruling on a motion for summary judgment, a court must assume as true the evidence of the non-moving party and draw all reasonable inferences in that party's favor. *Id*. at 255 (citing *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 158-59 (1970)). A court must avoid "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts," which are "jury functions" that are inappropriate to employ at the summary judgment stage. *Id*.

There is no obligation to "grant judgment as a matter of law for one side or the other," simply because the parties have filed simultaneous cross-motions for summary judgment. *Profit Pet v. Arthur Dogswell, LLC*, 603 F.3d 308, 312 (6th Cir. 2010) (citing *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991)). Instead, "a 'court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" *Id*. (quoting *Taft*, 929 F.2d at 248). Each motion must be evaluated under the standard requiring the Court to "view all facts and inferences in the light most favorable to the non-moving party." *Travelers Prop Cas. Co. of Am. v. Hillerich & Bradsby Co., Inc*., 598 F.3d 257, 264 (6th Cir. 2010) (quoting *Beck v. City of Cleveland, Ohio*, 390 F.3d 912, 917 (6th Cir. 2004)).

**III.   DISCUSSION**

Defendants Clark & Clark move this Court for judgment as a matter of law on Plaintiffs' legal malpractice claim, insisting that they did not have an attorney-client relationship with Plaintiffs, and that Plaintiffs' claim is barred by the one-year statute of limitations. (ECF No. 107 at 1220.) Plaintiffs also seek summary judgment, arguing that the parties formed an implied attorney-client relationship based on Defendants Clark & Clark's conduct and Plaintiffs' reasonable expectation that such a relationship existed. (ECF No. 109-1 at 1347.) Plaintiffs do not

address the discovery rule, or when their cause of action accrued, in their motion, but later respond in opposition to Defendants Clark & Clark's motion by stating that the cognizable event whereupon they should have discovered their injury did not occur until February 2018. (ECF No. 120 at 1664.) The Court reviews each party's arguments in turn.

### A. The Existence of an Attorney-Client Relationship

To establish a legal malpractice claim based on negligent representation in Ohio,[4] a plaintiff must show: (1) an attorney-client relationship giving rise to a duty or obligation to the plaintiff; (2) a breach of that duty or obligation; and (3) a causal connection between the conduct complained of and the resulting damage or loss. *Vahila v. Hall,* 77 Ohio St. 3d 421, 421–22, 674 N.E.2d 1164, 1167 (1997). If here, Plaintiffs fail to present a genuine dispute of material fact as to any of these elements, Defendants Clark & Clark are entitled to summary judgment on their legal malpractice claim. *Advanced Analytics Labs., Inc. v. Kegler, Brown, Hill & Ritter, L.P.A.*, 148 Ohio App. 3d 440, 451, 773 N.E.2d 1081, 1090 (2002). Ohio courts acknowledge that an attorney-client relationship is a key element of a legal malpractice claim. *Tye v. Beausay*, 2017-Ohio-7943, ¶ 15, 98 N.E.3d 970, 976 (Ct. App.); *Omega Riggers & Erectors, Inc. v. Koverman,* 2016-Ohio-2961, ¶ 23, 65 N.E.3d 210, 219 (Ct. App.).

The parties sharply dispute the existence of an attorney-client relationship. An attorney-client relationship entails an attorney "advis[ing] others as to their legal rights, a method to be pursued, the forum to be selected, and the practice to be followed for the enforcement of their rights." *Landis v. Hunt*, 80 Ohio App. 3d 662, 669, 610 N.E.2d 554, 558 (1992). An indispensable element of this relationship "is the determination that the relationship invoked such trust and

---

[4] A federal court sitting in diversity applies the substantive law of the forum state. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938). In this case, the substantive law of Ohio governs.

confidence in the attorney that the communication became privileged and, thus, the information exchanged was so confidential as to invoke an attorney-client privilege." *Id.* Although not an essential element, Ohio courts also consider whether an attorney received payment for his or her services. *Id.*

While the parties agree that there was no written agreement between Plaintiffs and Defendants Clark & Clark (Stipulations ¶ 17, ECF No. 78-1 at 366), Ohio courts recognize that an attorney-client relationship may be implied by an attorney's conduct and the client's expectations. *Davis v. Montenery*, 173 Ohio App. 3d 740, 746, 880 N.E.2d 488, 492 (2007); *Cuyahoga Cnty. Bar Ass'n v. Hardiman*, 100 Ohio St. 3d 260, 262, 798 N.E.2d 369, 373 (2003); *Landis,* 610 N.E.2d at 558. The ultimate issue is "whether the putative client reasonably believed that the relationship existed and that the attorney would therefore advance the interests of the putative client." *Henry Filters, Inc. v. Peabody Barnes, Inc.*, 82 Ohio App. 3d 255, 260, 611 N.E.2d 873, 876 (1992). Significant to this case is whether the surrounding circumstances demonstrate that Plaintiffs' belief was reasonable. *McGuire v. Draper, Hollenbaugh & Briscoe Co., L.P.A.*, 2002-Ohio-6170, ¶ 52 (Ct. App.) (determining that "[t]he surrounding circumstances of the parties' interaction must reveal that the client's subjective belief was reasonable.")

Plaintiffs once again rely heavily on *JBJ Inv. of S. Fla., Inc. v. S. Title Grp., Inc.,* 251 So. 3d 173, 178 (Fla. Dist. Ct. App. 2018), a case previously examined by this Court, to support their belief of an implied attorney-client relationship. (ECF No. 120 at 1348.) In the Florida case, the plaintiff wanted an attorney to prepare and review loan documents. *Id.* at 179. Plaintiff's title agent contacted an attorney on his behalf and hired that attorney to prepare a note and mortgage for a fee. *Id.* Under these facts, the Florida court found that since the attorney was hired by the plaintiff's title agent, rendered legal services, and accepted a fee for those services, a reasonable

7

jury could find that an attorney-client relationship existed between the plaintiff and the attorney by virtue of the title agent consulting with the attorney in her capacity as the plaintiff's agent and referring to that attorney the work of preparing the loan documents. *Id.* Plaintiffs maintain that Lanco, acting as their agent, arranged for Defendants Clark & Clark to provide legal services on their behalf. (ECF No. 109-1 at 1349.)

Plaintiffs argue that by virtue of Mr. Jonathan Clark's ninety-nine percent ownership of Lanco, Defendants Clark & Clark and Lanco are so intertwined, that it was reasonable to believe that by hiring Lanco, Attorney Clark would prepare the Deed on their behalf. (ECF No. 109-1 at 1337; Faldowski Dep. 91:11–14, ECF No. 98 at 951.) Plaintiff Damon Faldowski testified that when real estate agent, Brian Bauer, recommended Lanco to Plaintiffs, he stated, "I have a good title company. It's run by a lawyer, owned by a lawyer. We'll send them everything. They'll take care of everything." (Faldowski Dep. 91:11–14, ECF No. 98 at 951.) As this Court previously acknowledged, "The preparation of deeds for another constitutes the practice of law." *Disciplinary Counsel v. Jones,* 138 Ohio St. 3d 330, 331–32, 6 N.E.3d 1159, 1160–61 (2014). Plaintiffs state Lanco could not prepare the Deed without engaging in the unauthorized practice of law, and they therefore believed that Lanco would refer the legal work of preparing the Deed to Mr. Jonathan Clark based on his substantial ownership and operation of the title agency. (ECF No. 109-1 at 1349.)

Plaintiffs also highlight Mr. Jonathan Clark's testimony that he did not represent Lanco. (J. Clark Dep. 45:5–8, ECF No. 102 at 1054.) Plaintiffs point out that if Mr. Jonathan Clark was not representing Lanco, then Lanco's request for a deed was not a request for legal services for Lanco, but rather, a request for legal services for Plaintiffs. (ECF No. 109-1 at 1349.) Plaintiffs

8

argue this further substantiates the reasonableness of their behalf that Lanco, acting as their agent, arranged for Defendants Clark & Clark to provide legal services on their behalf.

Defendants Clark & Clark emphasize other record evidence. Plaintiffs never met or spoke with Mr. Jonathan Clark prior to filing this action. (Stipulations ¶ 23, ECF No. 78-1 at 366; Faldowski Dep. 40–41, ECF No. 900–01; Gorsha Dep. 33, ECF No. 97 at 772.) Plaintiffs never sought advice from Defendants Clark & Clark prior to signing the Deed or any of the closing documents. (Stipulations ¶ 15, ECF No. 78-1 at 366.) Neither Plaintiffs nor Lanco paid Defendants Clark & Clark for preparation of the Deed conveying the Property. (*Id.* at ¶¶ 6, 7.) Plaintiffs never shared any confidential information with either Defendants Clark & Clark or Lanco. (*Id.* at ¶¶ 10, 18.) Plaintiffs further admit that Mr. Jonathan Clark never appeared on their behalf in any proceedings. (ECF No. 109-1 at 1346.)

Plaintiffs counter that like the Florida plaintiff, it is immaterial whether they ever met or had direct contact with Defendants Clark & Clark. (*Id.* at 1348.) Plaintiffs insist that the salient facts are that Defendants Clark & Clark were engaged on their behalf, rendered legal services, and Plaintiffs paid a fee for preparation of the Deed. (*Id.*)

After evaluating the arguments of both sides, the Court finds that there are genuine disputes of material fact concerning whether Plaintiffs reasonably believed they had an attorney-client relationship with Defendants Clark & Clark. A reasonable factfinder could find, on one hand, that the evidence demonstrates that Plaintiffs reasonably believed an implied attorney-client relationship existed through the conduct of Lanco and Defendants Clark & Clark and Plaintiffs' corresponding expectations. On the other hand, a reasonable factfinder could also find that the parties' lack of interaction or exchange of confidential information do not establish a reasonable

9

belief of an attorney-client relationship. Accordingly, the Court finds that there are genuine disputes of material fact which preclude summary judgment on this issue.

### B. Statute of Limitations

Defendants Clark & Clark contend that even if an attorney-client relationship existed, Plaintiffs' legal malpractice claim is nonetheless barred by the one-year statute of limitations contained in Ohio Rev. Code § 2305.11(A). In Ohio, a cause of action for legal malpractice "accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act, and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Werts v. Penn,* 164 Ohio App. 3d 505, 508, 842 N.E.2d 1102, 1105 (2005). Under the discovery rule, "a cause of action accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury." *Union Sav. Bank v. Lawyers Title Ins. Corp.*, 191 Ohio App. 3d 540, 549–50, 946 N.E.2d 835, 843 (2010) (internal quotations and citations omitted). Thus, the relevant inquiry here is: when should Plaintiffs have discovered that they were injured by the Deed's failure to reserve the mineral rights?

Plaintiffs claim that they had no knowledge of their injury until February 2018 when they called their real estate agent, Mr. Bauer, to inquire about the impending expiration of the oil and gas lease on the Property. (ECF No. 120 at 1656.) It was only then that Plaintiffs discovered that the Deed failed to reserve the mineral rights, the Property had been subsequently drilled, and that the resulting royalties were paid to the Clark Family. (*Id.*) Plaintiffs further argue that once they discovered their injury, they promptly filed this action three months later. (*Id.* at 1661.)

Defendants Clark & Clark argue that Plaintiffs failed to exercise reasonable care before signing the Deed on September 4, 2013. (ECF No. 116 at 1584.) Defendants Clark & Clark point to Plaintiff Joseph Gorsha's testimony that he never read the Deed before signing it (Gorsha Dep. 32:13–19, 49:6–23, ECF No. 97 at 771, 788) and Plaintiff Damon Faldowski's testimony that he merely skimmed the Deed's contents (Faldowski Dep. 73:2–4, ECF No. 98 at 933) as evidence of Plaintiffs' lack of diligence. Defendants Clark & Clark insist that had Plaintiffs carefully read the Deed, they would have discovered Mr. Jonathan Clark's error. (ECF No. 124 at 1717; ECF No. 116 at 1587–88.) Defendants Clark & Clark further maintain that the signing of the Deed on September 4, 2013 constitutes the cognizable event whereby the Plaintiffs should have discovered their injury. (ECF No. 116 at 1584.) According to Defendants Clark & Clark, Plaintiffs' cause of action therefore accrued on September 4, 2013 and expired on September 4, 2014. (*Id.*)

Plaintiffs insist that they relied on Mr. Jonathan Clark, as their attorney, to properly prepare the Deed in accordance with the terms of the Real Estate Purchase Contract and the instructions issued by their real estate agent. (ECF No. 120 at 1656–57.) Plaintiffs emphasize that the relevant inquiry is when they should have discovered they were injured by Mr. Jonathan Clark's omission. (*Id.* at 1657.) Under Ohio's discovery rule, "A cognizable event is some noteworthy event that would alert reasonable persons that they have been damaged as a result of improper representation." *Firor v. Lydon*, 110 N.E.3d 1021, 1029 (Ohio Ct. App. 2018) (citing *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St. 3d 54, 58, 538 N.E.2d 398, 401 (1989)).

Plaintiffs aver that they discovered they were injured by Mr. Jonathan Clark's failure to reserve the mineral rights in February 2018 when they learned that royalties were paid to the Clark Family. (*Id.* at 1657.) If the jury finds that the Plaintiffs reasonably relied on Mr. Jonathan Clark to properly prepare the Deed, the jury may also reasonably find that the first cognizable event

11

which would have alerted them to the damage caused by Mr. Jonathan Clark's negligence was their receipt of information that royalties were paid to the Clark Family. As such, a reasonable factfinder could find that the complained of injury occurred after the Deed was executed and the noteworthy event alerting Plaintiffs of that harm was when they inquired about the expiring oil and gas lease. A reasonable factfinder could also find, however, that Plaintiffs should have discovered their injury at an earlier date and their claim is therefore time-barred.

In sum, the Count finds that there are genuine disputes of material fact remaining concerning the existence of an attorney-client relationship and the date on which Plaintiff should have discovered their injury, which preclude summary judgment on Plaintiffs' legal malpractice claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants Jonathan C. Clark and Clark & Clark and Associates, LLC's Motion for Summary Judgment (ECF No. 107) is **DENIED in its entirety**, and Plaintiffs' Motion for Summary Judgment (ECF No. 109), as it pertains to their legal malpractice claim against Defendants Clark & Clark, is also **DENIED**.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: October 1, 2019