IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH G. GORSHA, *et al.*, | |
| Plaintiffs, | Case No. 2:18-cv-508 |
| v. | Judge James L. Graham |
| BERNARD E. CLARK, *et al.*, | Magistrate Judge Kimberly A. Jolson |
| Defendants. | |

**ORDER**

On October 4, 2019, the Court granted summary judgment in favor of Plaintiffs as to liability only on their breach of contract claim against Defendants Bernard, Alice, and Scott Clark (collectively, the "Clark Family"). (Op. & Order, ECF No. 134 at 1852.) The Court also granted summary judgment to Plaintiffs as to liability only on their unjust enrichment claim against the Clark Family (*Id.* at 1851.)

On January 31, 2022, the Court reconsidered its October 4, 2019 Opinion and Order and granted summary judgment to Scott Clark on Plaintiffs' breach of contract claim, reaffirmed its earlier grant of summary judgment to Plaintiffs on their breach of contract claim against Bernard and Alice Clark, granted summary judgment to Plaintiffs on their unjust enrichment claim against Scott Clark, and dismissed Plaintiffs' unjust enrichment claim against Bernard and Alice Clark as a matter of law. (Op. & Order, ECF No. 184 at 2368–69, 2380.)

Now, upon further consideration and pursuant to Federal Rule of Civil Procedure 54(b), the Court revises its October 4, 2019 and January 31, 2022 Opinions and Orders granting and reaffirming summary judgment on Plaintiffs' breach of contract claim against Bernard and Alice Clark. The underlying facts for each Opinion and Order are incorporated here by reference.

1

Plaintiffs' Complaint alleges that "[t]he Clark Family has caused a Deed to be recorded which did not reserve the mineral and subsurface rights to the Plaintiffs, inconsistent with the parties' agreement thus breaching the Real Estate Purchase Contract." (Compl. ¶ 44, ECF No. 1 at 9.)  But the undisputed record evidence shows that Jonathan Clark, of Lanco Title Agency ("Lanco"), recorded the deed he drafted, and Plaintiffs signed, with the Belmont County Recorder's Office on October 4, 2013.  (*Id.* at Ex. 4, ECF No. 1-5 at 31.)  The recording of the deed was not done at the Clark Family's direction.  Rather, as Jonathan Clark stated, "Lanco reviewed and relied upon the statements made by Plaintiffs Joseph D. Gorsha, Damon J. Faldowski, Damon J. Faldowski, II, and Mark R. Faldowski in the Affidavit and Agreement before sending the deed to Belmont County to be recorded." (J. Clark Aff. ¶ 9, Ex. A, ECF No. 111-1 at 1449.)  It is further undisputed that the Clark Family did not receive the deed until Lanco mailed it to them on October 11, 2013. (Ex. 6, *Id.* at 1460.)

The Court therefore finds as a matter of law that the Clark Family did not breach the parties' Real Estate Purchase Contract in the manner alleged by the Complaint.  Thus, the Court grants summary judgment to Bernard and Alice Clark on Plaintiffs' breach of contract claim, and Plaintiff's breach of contract claim against them is dismissed as a matter of law.

The Court also reevaluates Bernard and Alice Clark's liability for Plaintiffs' unjust enrichment claim.

"Unjust enrichment occurs when a party retains money or benefits that belong to another." *Budai v. Euclid Spiral Paper Tube Corp.*, No. 96CA0046, 1997 Ohio App. LEXIS 189, at *21 (Ct. App. Jan. 22, 1997) (citing *Liberty Mut. Ins. Co. v. Indus. Comm.,* 40 Ohio St. 3d 109, 110-111, 532 N.E.2d 124 (1988)).  The undisputed "evidence must show an unjust loss by the plaintiff and an unjust gain by the defendant; there must be a gain on one side connected by causation to a loss

2

on the other." *Budai,* 1997 Ohio App. LEXIS 189, at *21–22. For Plaintiffs to prevail under this theory of liability, they must show: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment')." *Hambleton v. R.G. Barry Corp.,* 12 Ohio St. 3d 179, 183, 465 N.E.2d 1298, 1302 (1984) (cleaned up).

After reviewing the undisputed record evidence, the Court finds as a matter of law that Plaintiffs conveyed the mineral rights to the Clark Family by signing the erroneous deed, the Clark Family became aware of Plaintiffs' erroneous conveyance after they were approached by landman Randy Ketcham (ECF No. 121-1 at 1693), and after executing the oil and gas forfeiture documents Ketcham presented to them (*Id.* at 1695–98), the Clark Family retained the royalties issued by the oil and gas companies after drilling commenced, even though they knew that they did not bargain with Plaintiffs for the sale of the mineral rights (ECF No. 94 at 511–12; ECF No. 108-1 at 1245–46, 1265–67). The Court also finds as a matter of law that there is indeed a causal link between the erroneous conveyance of the mineral rights by Plaintiffs to the Clark Family and the royalties issued by the oil and gas lessee to the Clark Family. The Clark Family would not have received royalty payments from the oil and gas lessee but for Plaintiffs' conveyance of the mineral rights to them via the deed they signed. The Court therefore grants summary judgment to Plaintiffs as to liability only on their unjust enrichment claim against Bernard and Alice Clark.

For the reasons stated above, the Court now grants summary judgment to Bernard and Alice Clark on Plaintiffs' breach of contract claim, and consequently, Plaintiffs' breach of contract claim against them is dismissed as a matter of law. Additionally, the Court now grants summary

judgment as to liability only on Plaintiffs' unjust enrichment claim against Bernard and Alice Clark.

The remaining claims in this case are Plaintiffs' conversion and unjust enrichment claims against the Clark Family. The issue of damages still remains for trial.

**IT IS SO ORDERED.**

      /s/ James L. Graham
      JAMES L. GRAHAM
      United States District Judge

DATE: June 15, 2022